1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATWON WEAVER, | Civil No.      12-2140 MMA (BGS) |
| Petitioner, | |
| v. | **DEATH PENALTY** |
| K. CHAPPELL, Warden, et al., | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| Respondents. | |

On August 28, 2012, Petitioner, a state prisoner under sentence of death resulting from a conviction in San Diego Superior Court, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Northern District of California.  On August 30, 2012, the case was transferred to this district, where it was docketed as a filing under 28 U.S.C. § 2254.  (See Doc. No. 2.)[1] Petitioner contends that his continued incarceration is unconstitutional because delays

---

[1] "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497, 499 n. 15 (1973) (acknowledging that a court can transfer habeas action to district of conviction and recognizing "substantial advantages" of resolving habeas petition in or near court that originally imposed the confinement).  It is generally the practice of California district courts to transfer habeas actions challenging a state conviction to the district in which a petitioner was convicted. See Laue v. Nelson, 279 F.Supp.

in the state appellate process have resulted in a denial or suspension of habeas corpus and obstruction of justice, and that Petitioner's court-appointed counsel has a conflict of interest in presenting these issues. (Doc. No. 1.) Petitioner requests: (1) issuance of an order to show cause to Attorney General Kamala Harris, (2) that the Court order his conviction "be Reversed, Remanded and Acquitted," and (3) that the Court "perfect ANY and ALL Other Court Ordered Protections to Insure the Corrective Forum is perfected Forthwith." (Id.)

## FILING FEE/MOTION TO PROCEED IN FORMA PAUPERIS

As an initial matter, Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Civ.L.R 3.2; Rule 3(a)(2), 28 U.S.C. foll. § 2254.

## JURISDICTION

This Court lacks jurisdiction to consider Petitioner's claims in an action pursuant to 28 U.S.C. § 2241 because Petitioner's custodian, the Warden of San Quentin prison, where Petitioner is presently confined, is not located within the Southern District of California. See Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989) (district court lacks jurisdiction to consider § 2241 petition if custodian is outside district). Although the Court could retain jurisdiction over this action by recharacterizing it as a habeas petition brought pursuant to 28 U.S.C. § 2254, the case would remain subject to dismissal for failure to satisfy the filing fee requirement and, as discussed below, for failing to allege exhaustion of state judicial remedies. Because, as discussed below, there are potential adverse consequences to Petitioner that could result from a recharacterization of his Petition, the Court will not do so, but will grant leave to file an amended Petition in which Petitioner chooses the form of action.

## PROPER FORM OF ACTION

Petitioner is a capital prisoner, having been sentenced to death in San Diego Superior Court in 1993. The Ninth Circuit has instructed that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when

265, 266 (N.D. Cal. 1968).

12cv2140

the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010).  Therefore, Petitioner may not proceed under § 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254.[2]

Because strict limitations apply to any "second and successive" application for habeas relief, the Supreme Court directed that "a district court may not recharacterize a pro se litigant's motion as a request for relief under § 2255 - unless the court first warns the pro se litigant about the consequences of the recharacterization, thereby giving the litigant the opportunity to contest the recharacterization, or to withdraw or amend the motion." United States v. Castro, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.")  While neither the Supreme Court nor the Ninth Circuit appear to have specifically extended Castro to apply to petitions construed as actions under 28 U.S.C. § 2254, the logic and holding of Castro appears to reasonably apply to habeas actions involving state prisoners, as both statutes contain strict limitations on the filing of "second or successive" petitions.  Compare 28 U.S.C. § 2244(b) with 28 U.S.C. § 2255(b).  Moreover, several circuit courts have adopted rules requiring a district court to apprise a state prisoner of the consequences of 28 U.S.C. § 2254 recharacterization.  See Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004); Cook v. N.Y. State Division of Parole, 321 F.3d 274, 282 (2d Cir. 2003); Mason v. Myers, 208 F.3d 414, 418 (3rd Cir. 2000).  Thus, in an abundance of caution, the Court will not recharacterize the instant Petition, which Petitioner filed under 28 U.S.C. § 2241, but will apprise Petitioner of the possible consequences of choosing to proceed with a petition under 28 U.S.C. § 2254.

---

[2] To the extent Petitioner seeks an order from this Court compelling action by the state court or state entities, the Court lacks habeas jurisdiction to do so.  See Blair v. Martel, 645 F.3d 1151, 1157 (9th Cir. 2011). For instance, Petitioner requests this Court issue a "show cause order" to Attorney General Kamala Harris, and alleges "This Honorable Court can exempt the State's Government Agents from Their Absolute Duties and Compliance with the Constitution, Statutory Laws and Treaties of the United States in Adjudicating Capital Cases.  Further, this Honorable Court can exempt the Legal Principles of the Justice System in California's Capital Cases.  This would resolve the allegations of an Illegal Entity, Illegal Process."  (Doc. No. 1 at 7.)  To the extent this contention alleges a "constitutional violation that do[es] not necessarily spell speedier release and thus do[es] not lie at the core of habeas corpus," such a claim "may be brought, if at all, under [42 U.S.C.] § 1983."  Martel, 645 F.3d at 1157, citing Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 (2011).

12cv2140

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under § 2254 is strictly limited.  The statute states, in relevant part:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> > (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> >
> > (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> >
> > (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> >
> > (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C.A. § 2244 (West. 2006).

Based on the defects identified in other sections of this order with respect to the filing fee rule and jurisdictional issue, the Court will not issue a ruling on the merits of Petitioner's case.

///

**EXHAUSTION**

Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust judicial remedies. <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). Exhaustion is required by statute. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To exhaust state judicial remedies, a state prisoner must present the California Supreme Court (or the highest state court with jurisdiction over the claims) with a chance to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.

In Petitioner's case, exhaustion is clearly an issue, as the California Supreme Court has not yet entered a final order on his state habeas petition. <u>See</u> <u>State v. Weaver</u>, California Supreme Court Case No. S193534, http://www.courts.ca.gov/supremecourt.htm. The only claims that are exhausted at this stage of the proceedings are those that were raised on direct appeal. Petitioner offers no indication that he intends to limit a federal habeas challenge solely to those exhausted claims.

However, the Ninth Circuit has held that "since excessive delay in obtaining an appeal may constitute a due process violation, a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so." <u>Coe v. Thurman</u>, 922 F.2d 528, 530-31 (9th Cir. 1990). More recently, the Ninth Circuit held that federal review of a claim concerning state appellate delay is not appropriate unless a prisoner is able to make "a sufficient showing that the delay adversely affected a petitioner's chances to obtain a reversal or vacation of his conviction or his sentence." <u>Blair v. Woodford</u>, 319 F.3d 1087, 1088 (9th Cir. 2003). Petitioner has not made any such showing.

The Ninth Circuit has generally held that when the appeal of a state criminal conviction is pending, a petitioner must wait the outcome of those proceedings before his state remedies are considered exhausted. <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983); <u>see</u> 28 U.S.C. § 2254(b)-(c). This holding applies whether or not the issue to be challenged in the federal habeas corpus petition is included in the state petition, because a pending state court petition may result in the reversal of the petitioner's conviction or sentence, thereby mooting the federal

petition.  Id.; see also Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (state remedies not exhausted until completion of state post-conviction proceedings).  If Petitioner wishes to proceed with this action under § 2254, he must allege sufficient facts indicating that he has satisfied the exhaustion requirement.

### CONCLUSION

Because, as stated above, the Court declines to recharacterize the instant Petition, the Clerk is **DIRECTED** to amend the docket to reflect that the instant Petition was filed pursuant to 28 U.S.C. § 2241.  For the reasons stated above, this case is **DISMISSED** without prejudice and with leave to amend for: (1) failure to pay the filing fee or move to proceed in forma pauperis, and (2) lack of jurisdiction.

The dismissal is without prejudice to Petitioner filing a First Amended Petition pursuant to 28 U.S.C. § 2254, or a separate civil complaint pursuant to 42 U.S.C. § 1983, the latter of which would be given a new civil case number.  The Clerk of Court shall send Petitioner a blank Southern District of California 28 U.S.C. § 2254 amended Petition form, a blank Southern District of California in forma pauperis application form, and a blank Southern District of California § 1983 civil complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED:  September 10, 2012

Hon. Michael M. Anello
United States District Judge